Sheehan & Associates, P.C.
Spencer Sheehan
60 Cutter Mill Rd Ste 409
Great Neck, NY 11021-3104
Tel:  (516) 268-7080
spencer@spencersheehan.com

United States District Court
Southern District of New York

7:21-cv-00620

Richard Lyons, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Class Action Complaint

Mars Wrigley Confectionery US, LLC,

Defendant

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Mars Wrigley Confectionery US, LLC ("defendant") manufactures, distributes, markets, labels and sells mixed berries covered in chocolate under the "Dove" brand ("Product").

2. The representations of "Real Mixed Berries," "Made with Real Fruit" and pictures of a strawberry, cranberry and blueberry being "dipped in silk smooth dark chocolate" give consumers the impression the Product will consist of what it promises – without more.

 

3. Chocolate-covered fruit is a simple, tasty food which reasonable consumers expect to contain only those ingredients identified on the front label – chocolate and fruit.

4. Numerous well-known cooking websites confirm these expectations.

5. For instance, one highly trafficked site recommends using only blueberries and chocolate for chocolate-covered blueberries.[1]

6. The Food Network advises that chocolate-covered strawberries be made with only strawberries and chocolate.[2]

7. For chocolate-covered cranberries, a site specializing in appetizers and snacks

---

[1] Chocolate Covered Blueberries, Barefeet in the Kitchen, June 20, 2015.
[2] Food Network Kitchen, Chocolate Covered Strawberries, The Food Network.

recommends "using 2 ingredients only" – chocolate and cranberries.[3]

8. Though the front of the package identifies only chocolate and "real fruit," the actual fruit used in the Product contains more than just fruit.

SWEET CHOCOLATE (SUGAR, CHOCOLATE, CHOCOLATE PROCESSED WITH ALKALI, COCOA BUTTER, MILKFAT, SKIM MILK, LACTOSE, SOY LECITHIN, ARTIFICIAL AND NATURAL FLAVORS), DRIED CRANBERRIES (CRANBERRIES, SUGAR), DRIED STRAWBERRIES (STRAWBERRIES, SUGAR, CITRIC ACID, NATURAL FLAVOR, ASCORBIC ACID TO MAINTAIN COLOR), DRIED BLUEBERRIES (BLUEBERRIES, SUGAR), CONFECTIONERY GLAZE, MALTODEXTRIN, CORN SYRUP.

9. For instance, the cranberries, strawberries and blueberries all contain added sugar.

10. The strawberries also contain citric acid, natural flavor and ascorbic acid.

11. In the context of chocolate-covered fruit, the "made with real fruit" statement and pictures of the fruit causes consumers to expect fruit ingredients that are not modified by sugar, citric acid, natural flavor and ascorbic acid.

12. The representation that the Product is "made with real fruit" is misleading to

---

[3] Chocolate-Covered Cranberries, AppetizerAddiction.com.

consumers.

13. Defendant misrepresented the Product through affirmative statements, half-truths, and omissions.

14. Defendant sold more of the Product and at higher prices than it would have in absence of this misconduct, resulting in additional profits at the expense of consumers.

15. The value of the Product that plaintiff purchased, used and/or consumed was materially less than its value as represented by defendant.

16. Had plaintiff and the proposed class members known the truth, they would not have bought the Product or would have paid less for it.

17. As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $2.79 per 17 OZ, excluding tax, compared to other similar products represented in a non-misleading way and higher than the price of the Product if it was to be represented in a non-misleading way.

## Jurisdiction and Venue

18. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

19. Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

20. Plaintiff Richard Lyons is a citizen of New York.

21. Defendant Mars Wrigley Confectionery US, LLC is a Delaware limited liability company with a principal place of business in Hackettstown, Warren County, New Jersey and upon information and belief, at least one member of Defendant is not a citizen of New York.

22. Diversity exists because plaintiff Richard Lyons and at least one of defendant's members are citizens of different states.

23. Upon information and belief, sales of the Product and statutory and other monetary damages, exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

24. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred here – plaintiff's purchase of the Product.

25. Venue is further supported because many class members reside in this District.

## Parties

26. Plaintiff Richard Lyons is a citizen of Yonkers, Westchester County, New York.

27. Defendant Mars Wrigley Confectionery US, LLC is a Delaware limited liability company with a principal place of business in Hackettstown, New Jersey, Warren County.

28. Defendant is one of the nation's largest producers of chocolate and confectionery products.

29. Defendant's Dove chocolate brand is associated with the highest levels of quality.

30. The Product is sold to consumers from retail and online stores of third-parties in resealable pouches, in sizes including 17 OZ.

31. During the relevant statutes of limitations for each cause of action alleged, plaintiff purchased the Product within his district and/or State in reliance on its representations and omissions.

32. Plaintiff bought the Product on one or more occasions within the statute of limitations from one or more locations, including in January 2020 from ShopRite, 278 Tuckahoe Rd, Yonkers, NY 10710.

33. Plaintiff bought the Product at or exceeding the above-referenced price because he

wanted to buy a product with the qualities and attributes represented herein – fruit covered in chocolate, like the Product represented itself as.

34. Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

35. The Products was worth less than what Plaintiff paid and he would not have paid as much absent Defendant's false and misleading statements and omissions.

36. Plaintiff intends to, seeks to, and will purchase the Product again when he can do so with the assurance that Product's labeling is consistent with its composition and origins.

## Class Allegations

37. The class will consist of all purchasers of the Product who reside in New York during the applicable statutes of limitations.

38. Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

39. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

40. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

41. Plaintiff is an adequate representative because his interests do not conflict with other members.

42. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

43. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

44. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

45. Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL") §§ 349 & 350
(Consumer Protection Statutes)

46. Plaintiff incorporates by reference all preceding paragraphs.

47. Plaintiff and class members desired to purchase a product described by Defendant – chocolate-covered fruit that was "made with real fruit," and expected the fruit used would not contain added sugar, citric acid, natural flavor and ascorbic acid.

48. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

49. Defendant misrepresented the Product through its statements, comparisons, omissions, ambiguities, half-truths and/or actions.

50. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

51. Plaintiff incorporates by reference all preceding paragraphs.

52. Defendant had a duty to truthfully represent the Product, which it breached.

53. This duty is based on defendant's position, holding itself out as having special knowledge and experience in the sale of the product type.

54. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

55. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the

Product.

56. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Fraud

57. Plaintiff incorporates by reference all preceding paragraphs.

58. Defendant misrepresented and/or omitted the attributes and qualities of the Product.

59. Defendant's fraudulent intent is evinced by its failure to accurately disclose the issues described herein, when it knew not doing so would mislead consumers.

60. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Unjust Enrichment

61. Plaintiff incorporates by reference all preceding paragraphs.

62. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;
2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;
3. Injunctive relief to remove, correct and/or refrain from the challenged practices and

representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated: January 23, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cutter Mill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
spencer@spencersheehan.com
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

7:21-cv-00620
United States District Court
Southern District of New York

Richard Lyons, individually and on behalf of all others similarly situated,

                        Plaintiff,

   - against -

Mars Wrigley Confectionery US, LLC,

                        Defendant

## Class Action Complaint

Sheehan & Associates, P.C.
60 Cutter Mill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: January 23, 2021

                                                     /s/ Spencer Sheehan
                                                       Spencer Sheehan